IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO, DISTRICT 1199C, 1319 Locust Street Philadelphia, Pennsylvania 19107<br><br>              Plaintiff,<br>v.<br><br>CROTHALL SERVICES GROUP, 955 Chesterbrook Blvd., Wayne, Pennsylvania 19087<br><br>              Defendant. | Civil Action No. |

## COMPLAINT

1. Plaintiff, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, District 1199C brings this action to confirm and enforce a binding labor arbitration award under Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 185.

3. Venue is proper in this judicial district as both parties reside and conduct their business here and the dispute arose here. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. The Plaintiff, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, District 1199C ("Union"), is a labor organization within the meaning of Section 152(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and maintains an office and does business at 1319 Locust Street, Philadelphia, Pennsylvania.

5. The Defendant, Crothall Services Group (hereinafter "Crothall"), is an employer within the meaning of Section 152(2) of the NLRA, 29 U.S.C. § 152(2), and operates its business at 955 Chesterbrook Blvd., Wayne, Pennsylvania 19087.

## BACKGROUND

6. The Union and Crothall, at all times relevant to this action, are parties to a collective bargaining agreement which establishes the wages, hours and terms and conditions of employment for a bargaining unit of employees employed by Crothall at Hahnemann University Hospital. The collective bargaining agreement is attached as Exhibit "A".

7. The collective bargaining agreement is in effect during the period between July 1, 2005 and June 30, 2010, and covers a unit consisting of "all full-time and regular part-time service employees who regularly work 8 or more hours per week, and excluding clerical employees, technical employees, professional employees, supervisors, volunteers, temporary employees and confidential employees (as defined in the National Labor Relations Act.)"

8. The collective bargaining agreement, Article VIII, Section 3, provides that employees can only be discharged for "just cause".

9. In addition, Article VI sets forth a grievance procedure which provides for the resolution of disputes regarding the application and/or interpretation of the collective bargaining

agreement by submitting such disputes to arbitration. Article VII further provides that the decision of the arbitrator is final and binding upon all of the parties.

10. Angela Byard has been employed as an environmental services worker at the Hospital since 2001. Byard was terminated by Crothall on March 19, 2008.

11. Pursuant to Article VI the Union filed a grievance challenging Byard's termination on the grounds that Byard was not terminated for "just cause."

12. The parties were unable to resolve the grievance and, in accordance with Article VI, it was referred for arbitration to Arbitrator William Lowe, an arbitrator mutually selected by the parties under the auspices of the American Arbitration Association.

13. A hearing was held before Arbitrator Lowe on September 15, 2009. After the presentation of testimony and submission of briefs by the Union and Crothall, Arbitrator Lowe issued his Award and Opinion on December 8, 2009. A true and correct copy of the Award and Opinion is attached hereto as Exhibit "B".

14. The Arbitrator's Award provides:

> The grievance is sustained as the termination of the Grievant was not for just cause.
>
> Angela Byard shall be reinstated to her position, or a substantially equivalent position without loss of seniority or benefits and to return her to work as soon as practical but within sixty (60) days of receipt of this Award. Ms. Byard is entitled to recovery of all lost wages from the date of the grievance was first presented, i.e. March 19, 2008, until the date she is returned to duty less any unemployment compensation or other compensation that she may have received from any source during the period for which back pay is claimed.

15. To date, Crothall has failed and refused to reinstate Angela Byard. Although Crothall paid Byard partial back pay on or about February 6, 2010 Crothall has not paid any back pay since that time.

16. Crothall's refusal to comply with the terms of the Award is unlawful and without justification and constitutes a clear violation of the collective bargaining agreement and Section 301 of the Labor-Management Relations Act.

## REMEDY

17. By virtue of the refusal of Crothall to comply with the Arbitrator's Award, the Union has been denied the relief to which it is entitled under the Award, and Crothall has failed to meet its obligations to adhere to final and binding arbitration as required by the collective bargaining agreement.

**WHEREFORE**, the Union respectfully requests judgment in its favor and the issuance of an Order providing that:

A. Judgment be granted in favor of the Union and against Crothall;

B. Crothall be ordered to immediately comply with the Arbitration Award by doing the following:

 (1) Immediately reinstate Angela Byard to her former employment or a substantially equivalent position; and

 (2) Pay Angela Byard back pay for the period between March 19, 2008 and the date of Angela Byard's reinstatement to her former employment or a substantially equivalent position.

C. Crothall reimburse the Union for all costs, together with reasonable attorney's fees, incurred in enforcing this arbitration award; and

D. Such other relief as this Court shall deem just and proper.

>Respectfully submitted,
>
>FREEDMAN AND LORRY, P.C.
>
>By: _____/s/ Wayne Wynn_____
>　　WAYNE WYNN
>　　Pa. Attorney I.D. No. 44249
>　　Validation of Signature Code No. _____
>　　1601 Market Street, 2nd Floor
>　　Philadelphia, PA 19103
>　　Ph (215) 925-8400
>　　Fax (215) 925-7516

Dated: May 13, 2010